UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Norman McCrary,               :  Case No. 1:91-CR-132-03
                              :           (1:12-cv-18)
      Petitioner,             :
                              :
vs.                           :
                              :
United States of America,     :
                              :
      Respondent.             :

**ORDER**

      Petitioner/Defendant Norman McCrary has filed a motion to
vacate his "illegal sentence and conviction." (Doc. 285)
McCrary was sentenced by this Court on January 10, 2011 to a term
of 60 months incarceration on his supervised release violation.
His pending motion asks the Court to vacate his sentence based
upon ineffective assistance of counsel.  The Government opposes
the motion (Doc. 294), and McCrary has filed a reply. (Doc. 295)

**FACTUAL BACKGROUND**

      McCrary was originally convicted in 1992 of conspiracy to
distribute cocaine and cocaine base, and served an aggregate
sentence of 240 months incarceration.  He began his ten-year term
of supervised release on July 15, 2009, and immediately
encountered great difficulty in complying with the terms of his
release.  He declined offers of assistance from his probation
officer, and in November 2009 he was charged with felonious
assault in state court.  He was convicted in April 2010 and

-1-

sentenced to eight years in prison.  The Ohio Court of Appeals affirmed his conviction in November 2010.

At the January 2011 revocation hearing, McCrary's counsel urged the Court to impose a concurrent sentence on the release violation in view of McCrary's as-yet uncompleted state sentence. While he admitted the supervised release violation based on the state charges, he also insisted that he was innocent of that offense and that he was appealing to the Ohio Supreme Court.  The Court imposed a 60-month consecutive sentence, noting that McCrary's new crime was both serious and violent, as he had assaulted a woman with a brick.  He also incurred these new charges only four months after beginning supervised release, and he had spurned offers of assistance from his probation officer. The Sixth Circuit affirmed McCrary's sentence on November 22, 2011.  (Doc. 281)

## DISCUSSION

McCrary's pending motion raises five purported errors by his counsel in representing him on his supervised release violation proceedings.  To establish ineffective assistance, McCrary must demonstrate (1) his counsel's performance was constitutionally deficient, and (2) a reasonable probability that the outcome would have been different absent the deficient performance. Strickland v. Washington, 466 U.S. 688 (1984).  A "reasonable probability" is one sufficient to undermine confidence in the

-2-

outcome.  <u>Id</u>. at 694.

Recognizing that McCrary is appearing pro se, the Court will liberally construe his motion and his pleadings filed in support. He first argues that his counsel should have sought a stay of the revocation hearing until his state court appeal was final and complete.  McCrary's conviction had already been affirmed by the Ohio Court of Appeals at the time of the revocation hearing.  His motion does not articulate any basis to conclude that a further delay of the hearing, in the hope that the Ohio Supreme Court might reverse that decision, would have produced a different result, or that counsel's failure to seek a delay caused him any prejudice whatsoever.  It is also noteworthy that the Ohio Supreme Court eventually rejected his appeal in May 2011, further confirming the Court's conclusion that he has not identified any prejudice resulting from counsel's failure.

McCrary's second claim of error argues that counsel failed to call a "key witness" who would have testified that he was innocent of the felonious assault charges.  McCrary has not identified this "key witness," nor offered any evidence or an affidavit concerning what this witness might have testified about if the witness had been called.  As the Government notes, a jury had already convicted McCrary of the felonious assault charges and the court of appeals had affirmed his conviction.  In the absence of any facts or information about this alleged witness,

McCrary has not demonstrated that he was prejudiced by his counsel's purported failure to present this witness during the revocation hearing.

McCrary's third, fourth and fifth claims of error all relate to his original sentencing. He alleges that his counsel failed to seek a departure based on the Fair Sentencing Act of 2010 and resultant Guidelines changes to crack cocaine sentencing; failed to argue that his original criminal history category was incorrect because a state conviction was based on a void judgment; and failed to request a departure based upon an unlawful enhancement of his original sentence under 21 U.S.C. § 851(a). Defendant had already completed his original sentence and was on supervised release when he was charged and convicted of felonious assault.

With regard to the crack cocaine Guidelines, the recent amendments would have no bearing upon the Court's determination of a fair and appropriate sentence based upon McCrary's admitted supervised release violations. He was not charged with new drug offenses. With respect to his contention about a "void judgment," referring to his 1990 Ohio conviction for drug trafficking, any alleged error of state procedural law with respect to that judgment would have been irrelevant to his federal sentencing upon his supervised release violation. The appropriateness of the enhancement of his original sentence that

-4-

was sought by the Government under 21 U.S.C. § 851 also would not bear upon this Court's consideration of a sentence for the supervised release violation. Moreover, 21 U.S.C. § 851(b) plainly states that any challenge to the Government's assertion of the existence of a prior conviction that is not timely raised before sentence is imposed may not thereafter be raised to attack the sentence. McCrary's claims of error relating to the amended Guidelines and to his original sentencing proceedings lack factual and legal support, and are therefore rejected. And because they lack support, McCrary's counsel was not ineffective in failing to raise these arguments at his revocation hearing.

McCrary's motion fails to establish or suggest that a reasonable factual dispute exists in this case that would require an evidentiary hearing. The Court concludes that he is not entitled to any relief, and his request for a hearing is therefore denied.

## CONCLUSION

For all of the foregoing reasons, it is **ORDERED** that Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

A certificate of appealability shall not issue on the matters raised herein. Petitioner may request issuance of a certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The Court certifies

-5-

pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore denies Petitioner leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

        SO ORDERED.

DATED: February 28, 2012     <u>s/Sandra S. Beckwith</u>
                             Sandra S. Beckwith
                             Senior United States District Judge